JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TJARKS, <br><br> Plaintiff, <br><br> v. <br><br> MAGGIE CONNERS, <br><br> Defendant. | NO. CV 16-7754-PA (AGR) <br><br> ORDER REMANDING ACTION TO STATE COURT |

The Court will remand this action to state court because it was removed improperly.

On October 18, 2016, Maggie Conners, the defendant in a Los Angeles County Superior Court action, filed a Notice Of Removal ("Notice") of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, the Notice fails to establish a proper jurisdictional basis for removal. There is no showing that the plaintiff could have brought this action in federal court in the first place. The nature of the removed case is unknown

because Defendant has failed to attach the complaint or other documents from the state court file, as required by 28 U.S.C. § 1446(a). Neither federal-question nor diversity jurisdiction appear to apply, and therefore Defendant may not remove the action. 28 U.S.C. § 1441(a); see *Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563 (2005).

"[A] defendant may not remove a case to federal court" based on a federal question "unless the *plaintiff's complaint* establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Etc.*, 463 U.S. 1, 10 (1983) (emphasis in original). Although Defendant asserts that she wishes to assert claims (or counterclaims) purportedly based on 42 U.S.C. § 1983,[1] there is no showing that the plaintiff's complaint arises under federal law.

Diversity jurisdiction does not support removal for at least one reason and arguably two. First, there is neither an allegation nor a showing that the parties are diverse in citizenship. Second, even if diversity of citizenship existed, there is no showing that the amount in controversy in the removed action exceeds the jurisdictional threshold of $75,000.

Finally, the Court notes that the first statute (among others) that Defendant cites to support removal is 28 U.S.C. § 1452. That statute authorizes the removal of certain claims related to bankruptcy proceedings. According to PACER records for the United States Bankruptcy Court for the Central District of California, no one named Maggie Conners or Margaret Conners is or has been a party in any case there.

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, for lack of subject matter

---

[1] Conners has already filed a complaint in this court based on 42 U.S.C. § 1983. *Conners v. Tjarks*, CV 16-7748-VBF (DFM).

2

jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

DATED: 10/22/2016

_____
PERCY ANDERSON
United States District Judge

3